The Honorable Judge Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NATHAN BRASFIELD, <br><br> Defendant. | NO. 2:20-cr-00035-RAJ <br><br> ORDER GRANTING DEFENDANT'S MOTION TO PROCEED WITH GUILTY PLEA VIA VIDEOCONFERENCE |

This matter comes before the Court on Defendant Nathan Brasfield's motion to proceed with entry of a guilty plea by videoconference. Dkt. 21. The Court has considered the motion, the government's response, and the files and pleadings herein, and for the reasons set forth below hereby **GRANTS** the motion.

## I. PROCEDURAL HISTORY

The defendant has been charged by Indictment with one count of Felon in Possession of Ammunition. Dkt. 12. He was ordered detained following his initial appearance. Dkt. 9. He was also detained for supervised release violations alleged under CR14-155RAJ. The instant case is set for a status conference on August 7, 2020 at 11:00 a.m. Dkt. 19. The government filed notices of related case under both cause numbers on May 20, 2020. Dkt. 20, 64. The supervised release matter was reassigned to this Court on May 20, 2020. An evidentiary revocation hearing related to the alleged supervised release violations is set before this Court on August 7, 2020, at 11:00 a.m.

ORDER – 1

The parties have reported they have reached a plea agreement. In-person plea hearings are not currently possible due to the COVID-19 emergency. Pursuant to General Order 08-20, the courthouses in the Western District of Washington will not be open for such proceedings until at least August 3, 2020. In light of this delay, the defendant has brought a motion seeking to conduct his plea hearing by videoconference. Dkt. 21.

## II. DISCUSSION

Ordinarily, a defendant "must be present" for a change of plea hearing. Fed. R. Civ. P. 43(a). Rule 43 provides for limited exceptions, including for some sentencing proceedings, but none of the exceptions applies to a plea. Fed. R. Civ. P. 43(c). Consequently, under ordinary circumstances, "the district court has no discretion to conduct a guilty plea hearing by videoconference, even with the defendant's permission." *United States v. Bethea*, 888 F.3d 864, 867 (7th Cir. 2018).

But these are not ordinary circumstances. Section 15002 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") empowers Chief District Judges to authorize hearings by video or telephonic conference when: (1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" (2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice;" and (3) upon "consent of the defendant . . . after consultation with counsel." CARES Act, Pub. L. 116-136 §§ 15002(b)(2), (4). The Chief Judge of this Court has made such an authorization. General Order 04-20 (W.D. Wash. March 30, 2020). Thus, a plea hearing may be held by videoconference, but only upon a finding "for specific reasons that the plea . . . cannot be further delayed without serious harm to the interests of justice." CARES Act §15002(b)(2)(a); General Order 04-20 at 3.

The defendant argues that if his plea is delayed until the courthouse reopens, he will have to wait at least an additional three months before he is sentenced, which will in turn delay his transfer to his designated Bureau of Prisons facility, thus depriving him of the

opportunity to participate in and benefit from programming (vocation and/or drug treatment) at his designated facility.  These opportunities are absent at the Federal Detention Center at SeaTac where he is currently housed.

In response, the government doesn't appear to oppose the motion, but merely sets forth its agreement that delaying the defendant's sentencing hearing might limit his ability to participate in certain programs within the Bureau of Prisons, and its acknowledgement that this is a basis for the Court to find that delaying entry of his plea would result in "serious harm to the interests of justice" under the CARES Act.

The Court finds that for the reasons set forth by the defendant, a delay of his plea hearing to a time when it can be conducted in person presents a serious harm to the interests of justice in this matter.

### III. ORDER

For the reasons set forth above, the defendant's motion does identify circumstances that can support a finding of "serious harm to the interests of justice" as required by the CARES Act and General Order 04-20.  Therefore, it is hereby **ORDERED** that Defendant Nathan Brasfield's motion to appear by videoconference for entry of a guilty plea (Dkt. 21) is **GRANTED**.

The parties are directed to schedule a plea hearing to be held via videoconference before the criminal-duty magistrate judge.  The Court directs that the magistrate judge shall, at the beginning of the plea hearing, personally address the defendant to confirm that the remote hearing is being held with his consent.

DATED this 2nd day of July, 2020.

_____
The Honorable Richard A. Jones
United States District Judge