The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN BRASFIELD,<br><br>Defendant. | NO. CR20-035RAJ<br>CR14-155RAJ<br><br>**GOVERNMENT'S SENTENCING AND SUPERVISED RELEASE DISPOSITION MEMORANDUM** |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Thomas M. Woods, Assistant United States Attorney for said District, respectfully submits this sentencing and supervised release disposition memorandum.

## SENTENCING RECOMMENDATION

There are two matters pending before the Court.  First, Brasfield is to be sentenced on his new, pending criminal case, CR20-035, after pleading guilty to being a felon in possession of a firearm and smuggling.  Second, Brasfield is expected to admit the pending supervised release violations in his old criminal case, CR14-155, and agree to proceed immediately to disposition.

As for the new case, the Court should sentence Brasfield to 70 months of imprisonment to be followed by three years of supervised release, subject to the

Sentencing and Disposition Memorandum
*United States v. Brasfield*, CR20-035; CR14-155 - 1

conditions recommended by Probation.  In light of Brasfield's apparent poor financial condition, no fine should be imposed.  A $100 special assessment is mandatory.

As for the pending supervised release violations, the Court should impose 24 months to run concurrent to the term imposed on the new case.  There is no reason the Court needs to impose another term of supervision on his old case.

## BACKGROUND

### A. Brasfield's Prior History

Brasfield has a long history of disrespect for the law.  After some juvenile infractions, he was convicted of vehicle prowling in 1997, at the age of eighteen.  PSR ¶ 28.  While that case was pending, he was convicted of second degree trespass.  *Id.* ¶ 29.  Later in the same year, he was convicted of attempted second degree theft.  *Id.* ¶ 30.  Undeterred, he was convicted of possessing stolen property in 1999 at the age of twenty.  *Id.* ¶ 31.  During that offense, he was caught with stolen credit cards, a stolen firearm, and other stolen property.  *Id.*

The following year, he was convicted of two counts of possession of stolen property.  The charges stemmed from two separate incidents.  First, he was caught with stolen computers and electronics that had been burglarized from a store—the property taken from the store totaled some $29,000.  *Id.* ¶ 32.  Second, he was later caught with a stolen van and was connected to another commercial burglary in which computers were taken.  *Id.*  He received his first significant sentence as the result of these offenses—14 months.  *Id.*

Upon being released, he was promptly caught driving a stolen van, having burglary tools in his possession, and having the keys to three different makes of vehicles.  *Id.* ¶ 33.  He was sentenced to only 45 days, and within a month of this conviction, was caught stealing another van.  *Id.* ¶ 34.  He was sentenced to eight months.  *Id.*

In 2002, he was arrested again.  He was caught with a stolen laptop.  He was wearing a black jumpsuit and a black hat and had connected the laptop to a telephone junction box outside a building in Tukwila.  He was caught sending a harassing message

as part of an effort to intimidate a person who was associated with animal research.  *Id.* ¶ 35.  He was sentenced to a year in jail.

In 2010, he was arrested yet again for possessing stolen property.  *Id.* ¶ 36. Officers found that Brasfield's residence was "full of stolen property, including computers, electronic equipment, cameras, and tools."  *Id.* ¶ 53.  He also had burglary tools in his possession.  *Id.*   He was sentenced to three months in jail.  *Id.*

**B. Brasfield's Prior Federal Conviction**

In July 2012, a confidential source reported that Brasfield had shown him a trigger assembly to a firearm, as well as two rifles.  CR14-155 PSR ¶ 6.  Brasfield had told the source that he had modified one of the firearms to fire in fully automatic mode.  *Id.* Brasfield, a multiple-time felon, could not legally possess any firearms.

In February 2013, the source, wearing a recording device, met Brasfield.  Within three minutes of meeting, Brasfield showed the source a short-barreled rifle that he said was capable of firing in fully automatic mode.  *Id.* ¶ 7; CR14-155 Compl. ¶ 12. Brasfield bragged: "Not only is it an SBR [Short Barreled Rifle], like legally the barrel should be out to about here.  This thing is compact enough that if I had a shorter mag in it, this is a forty round mag, I could totally conceal that under a coat."  CR14-155 Compl. ¶ 13.  He stated: "That's my home defense weapon.  If, uh, you know, if somebody's gonna break in here, out in the middle of nowhere here.  They're not gonna find the body."  *Id.*

Brasfield further stated: "Okay the right of the people to keep and bear arms shall not be infringed, shall not.  It means, it can't be done… I still have the legal right to possess and bear firearms, guaranteed to me by the Constitution no matter what the fucking government says about it …unless you're gonna try and make the case that I'm not a person."  *Id.* ¶ 14.  He described how to skirt the laws prohibiting felons from purchasing weapons, stating, "Don't buy it [weapons] through a retail channel.  Buy it from a private party."  *Id.*  He also stated that he had "homemade suppressors" as well as "frangible ammunition that is not gonna leave any fucking marks."  *Id.*

Sentencing and Disposition Memorandum
*United States v. Brasfield*, CR20-035; CR14-155 - 3

UNITED STATES ATTORNEY
700 STEWART STREET, STE. 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   During another recorded conversation in April 2013, Brasfield talked about

2   ammunition that he had acquired.  He told the source that he had recently purchased

3   "military door breeching shotgun rounds" through an internet website.  *Id.* ¶ 16.  When

4   the source asked Brasfield if he could get in trouble for purchasing ammunition through

5   the internet, Brasfield explained that the internet system was not set up to check if a

6   purchaser of ammunition was a convicted felon.  *Id.*  Brasfield further acknowledged that

7   seeing and being able to purchase this type of ammunition was unusual stating, "You

8   don't, you don't see stuff like that in that market… I mean not ya know, not from a

9   legitimate, not from a legitimate store at least." *Id.*

10   Brasfield moved out of his home before a search warrant could be executed.  In

11   April 2014, law enforcement received information that Brasfield had firearms in his new

12   home.  On April 22, 2014, a search warrant was executed at Brasfield's residence.

13   Agents located three firearms in the residence that were tied to Brasfield—two handguns

14   and a short barreled rifle that had been modified to fire in fully automatic mode.  CR14-

15   155 PSR ¶ 10.  Agents found in Brasfield's vehicle a trigger group to a rifle capable of

16   firing in fully automatic mode.  *Id.*

17   Agents also found a marijuana grow in Brasfield's residence.  *Id.* ¶ 12.

18   Specifically, agents located forty plants and forty-four baggies of marijuana that appeared

19   to be packaged for sale.[1]  *Id.*  In addition, agents located yet more stolen property in the

20   residence.  Finally, Brasfield had two persons staying with him at the time of the search.

21   *Id.* ¶ 12.  One of the individuals was a six-time felon and a fugitive.  *Id.*  He had in

22   Brasfield's residence a pistol and heroin.  *Id.*

23   On April 22, 2014, Brasfield was arrested for being a felon in possession of a

24   firearm.  On March 31, 2015, he was sentenced to 48 months of imprisonment.

25   //

26   //

27

28   

---

[1] Brasfield's marijuana operation was not in compliance with Washington state law.

Sentencing and Disposition Memorandum
*United States v. Brasfield*, CR20-035; CR14-155 - 4

UNITED STATES ATTORNEY
700 STEWART STREET, STE. 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### C. Brasfield's New Criminal Conduct

In December 2019, a Customs and Border Protection officer conducted a border inspection of a package that had been shipped from China that was addressed to Brasfield.  CR20-035 PSR ¶ 7.  The shipping paperwork accompanying the package falsely described it as containing "aluminum tubes."  *Id.*  The package in fact contained five firearms silencers.  *Id.*  One of the silencers is depicted below:



CR20-035 Compl. ¶ 6.

In February, agents executed a search at Brasfield's residence.  During the search, agents recovered approximately seventeen pistols and twenty-four rifles from the residence.  Plea Agreement ¶ 8(a).  Most of the firearms recovered did not have serial numbers and were home-manufactured.  *Id.*

In addition, officers recovered approximately twenty eighty-percent pistol and rifle lower receivers/frames.  *Id.*  These eighty-percent lower receivers/frames require additional machining and milling, in order to be classified as firearms under federal law.

Sentencing and Disposition Memorandum
*United States v. Brasfield*, CR20-035; CR14-155 - 5

UNITED STATES ATTORNEY
700 STEWART STREET, STE. 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Id.*   The non-serialized firearms that were recovered appear to have been manufactured from the same type of eighty-percent lower receivers/frames that were recovered during the search.  *Id.*

Agents also recovered firearm manufacturing equipment.  *Id.* ¶ 8(c).  Specifically, he was in possession of a Computer Numerical Control machine that is known to gun manufacturers as a "Ghost Gunner."  *Id.*  This machine is specifically used for the home manufacturing of firearms.  *Id.*

Brasfield's roommate, who is not a prohibited person, claimed that the serialized firearms (approximately eight) belong to him.  *Id.* ¶ 8(b).  By contrast, the non-serialized firearms belonged to Brasfield.  *Id.*  Pictures of four of the non-serialized firearms are below:





Sentencing and Disposition Memorandum
*United States v. Brasfield*, CR20-035; CR14-155 - 6

UNITED STATES ATTORNEY
700 STEWART STREET, STE. 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970





Compl. ¶ 10.

Agents also recovered an additional ten silencers from the residence and Brasfield's vehicle, a 2008 silver Porsche Cayenne.  Plea Agreement ¶ 8(d).  A picture of one of the silencers is below:

Sentencing and Disposition Memorandum
*United States v. Brasfield*, CR20-035; CR14-155 - 7

UNITED STATES ATTORNEY
700 STEWART STREET, STE. 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



*Id.*

In addition, agents also recovered a loaded, non-serialized pistol, from Brasfield's vehicle.  Plea Agreement ¶ 8(d).  The pistol recovered from the vehicle has a threaded barrel, which is designed to fit one of the silencers recovered from the vehicle.  *Id.*

Agents also recovered thousands of rounds of ammunition, approximately 300 lbs. worth. *Id.* ¶ 8(e).   Some of the ammunition was recovered in a safe, but a large amount was recovered outside the safe.   *Id.*  The ammunition in the safe was either the roommate's or Brasfield's, as they shared the safe.  *Id.*  However, any remaining ammunition belonged to Brasfield.   *Id.*

After Brasfield was charged, he volunteered that he had a fully automatic lower receiver that agents had not located during the search.  He made arrangements for agents to take possession of the receiver.

**THE PLEA AGREEMENT AND SUPERVISED RELEASE VIOLATIONS**

Brasfield has pleaded guilty to being a felon in possession of a firearm (Count 1) and smuggling (Count 2).  Under the plea agreement, the government agreed to recommend 70 months of imprisonment, with the defense free to recommend any sentence.  Plea Agreement ¶ 10.  Brasfield is the subject of five pending supervised release violations, all of which relate to the new conduct to which he pleaded guilty.  He has agreed to admit these violations at disposition, and the government has agreed to

Sentencing and Disposition Memorandum
*United States v. Brasfield*, CR20-035; CR14-155 - 8

UNITED STATES ATTORNEY
700 STEWART STREET, STE. 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  recommend a sentence of 24 months of imprisonment, to run concurrent to his new

2  federal sentence.  *Id.* ¶ 11.  The plea agreement contains a waiver of appeal.  *Id.* ¶ 15.

3                              **SENTENCING GUIDELINES**

4        There is no dispute as to the Sentencing Guidelines.

5        Base Offense Level                      20[2]

6        Possession of 25-99 Firearms            +6

7        Acceptance of Responsibility            -3

8        Subtotal                                23

9        It is also undisputed that Brasfield's criminal history category is IV, yielding a

10  range of 70-87 months of imprisonment.

11                              **SECTION 3553 ANALYSIS**

12        The Court should sentence Brasfield to 70 months of imprisonment.

13        Brasfield's recidivism is equally concerning and disheartening.  Despite being on

14  federal supervision for being a felon in possession of a firearm, Brasfield stockpiled an

15  arsenal of dangerous weapons, and an enormous amount of ammunition.  Brasfield has

16  been in and out of jail for years.  The hope was that this cycle would end with federal

17  supervision.  It most decidedly did not.

18        The sheer quantity and variety of weapons that Brasfield accumulated is

19  particularly concerning.   He had guns and ammunition far in excess of what a typical

20  person would have on hand to protect themselves.  He had *ten* silencers, and had ordered

21  *fifteen* more.  He had something short of 300 *pounds* of ammunition, enough for a small

22  war, let alone a firefight.

23        It also is concerning that Brasfield was manufacturing his own weapons.  He had

24  purchased specialized equipment, and seemed to have invested a significant amount of

25  time and resources into manufacturing firearms.

26

27  ───────────────

28  [2] The base offense level is 20 because he possessed a silencer, which is a "firearm" covered by Title 26, United
States Code, Section 5845(d) .  *See* USSG § 2K2.1(a)(4)(B).

Sentencing and Disposition Memorandum
*United States v. Brasfield*, CR20-035; CR14-155 - 9

1    The government acknowledges that Brasfield quickly accepted responsibility for

2  his actions, offering to plead guilty shortly after he was arrested.  He also cooperated with

3  the search of his computer and guided agents to a dangerous weapon that had not been

4  recovered during the search of his residence.

5    In light of all of these factors, the government believes that the low end of the

6  Guidelines, 70 months, is appropriate.

7                                          **<u>CONCLUSION</u>**

8    For the foregoing reasons, the Court should sentence Brasfield 70 months of

9  imprisonment on his new federal case, and 24 months on his supervised release

10  violations, to run concurrent to one another.

11    DATED:  September 24, 2020

12                                          Respectfully submitted,

13                                          BRIAN T. MORAN
                                            United States Attorney
14

15                                          *s/ Thomas Woods*
                                            THOMAS WOODS
16                                          Assistant United States Attorney
                                            700 Stewart Street, Suite 5220
17                                          Seattle, Washington 98101-1271
                                            Telephone: (206) 553-7970
18

19

20

21

22

23

24

25

26

27

28

Sentencing and Disposition Memorandum
*United States v. Brasfield*, CR20-035; CR14-155 - 10