THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 20-035RAJ |
|  | ) | CR 14-155RAJ |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | DEFENDANT'S AMENDED[1] |
| NATHAN BRASFIELD, | ) | SENTENCING AND SUPERVISED |
|  | ) | RELEASE DISPOSITION |
| Defendant. | ) | MEMORANDUM |
|  | ) | |

**I.   Introduction**

Nathan Brasfield, by his attorneys, Assistant Federal Public Defenders Christopher M. Sanders and Dennis Carroll, submit this memorandum in support of sentencing scheduled for October 9, 2020, at 11:00 a.m.

There are two matters before the court. The first is new criminal case, CR 20–035, set for sentencing. The second, CR 14-155, involves supervised release violations which Mr. Brasfield will admit and proceed to disposition.

For the newer case, Mr. Brasfield recommends a sentence of 60 months, to run concurrent to any sentence given on his supervised release case. For the supervised release case, Mr. Brasfield joins the Government's recommendation of 24 months to run concurrent to the term imposed on CR 20-035. Mr. Brasfield agrees with the

---

[1] The only change in this amended memorandum is the defense recommendation is now 60 months of custody. On Monday, October 5, 2020, Mr. Brasfield asked counsel to recommend 60 months rather than 54 months which was the initial recommendation.

DEFENDANT'S AMENDED SENTENCING AND
DISPOSITION DISPOSITION MEMORANDUM
(*Nathan Brasfield*; CR20-035RAJ; CR14-155RAJ) - 1

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

Government that there is no reason to impose another term of supervision on his old case. *See* Dkt. 35 at 2.

Mr. Brasfield makes this recommendation in light of the fact that the Court originally sentenced Mr. Brasfield to forty-eight months in case number CR 14-155 and that this Court will strongly consider some escalation in punishment to be appropriate. Also relevant to Mr. Brasfield's recommendation are the unique circumstances that have molded Mr. Brasfield – mainly that he grew up struggling with mental health issues, including ADHD and depression. As noted throughout the Presentence Report, Mr. Brasfield struggled with these mental health issues which played a role in the current offense. Mr. Brasfield does not minimize his conduct. Instead, he takes full responsibility for it as he also requests a sentence of 60 months.

### II.   Mr. Brasfield's mental health issues, ADHD and depression, have contributed to his criminal history and the current offense.

Mr. Brasfield's childhood and the ever-present challenges that his mental health presented were driving factors for much of Mr. Brasfield's past. It is no secret that Mr. Brasfield had a string of criminal convictions roughly twenty years ago, in the 1990s. Although he comes from a strong family, his convictions are directly related to his challenging childhood and adolescence that were significantly impacted by his diagnosis of Attention Deficit Hyperactivity Disorder ("ADHD"). Mr. Brasfield's mother Diane described the problem in her letter to this Court. According to his mother, "Nathan had a very rough childhood, due in part to his ADHD and the attendant social difficulties." *See* Exhibit 1 (Diane Brasfield's Support Letter). Diane explained further: "I think his lack of success socially had a negative impact on Nathan that we weren't able to help with. I think that his experiences encouraged fantasy-thinking and acting-out of frustrations. Nathan became involved in the juvenile court system." *Id*. It was clear early on that, due to his mental health condition, and the social impact it had on

DEFENDANT'S AMENDED SENTENCING AND
DISPOSITION DISPOSITION MEMORANDUM
(*Nathan Brasfield*; CR20-035RAJ; CR14-155RAJ) - 2

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

him, Mr. Brasfield might struggle to have a normal life and be a productive member of society.

Despite his challenges, Mr. Brasfield has also shown that he can be a productive member of society when given a chance. For example, when he met the woman who would become the mother of his child, he excelled. He began teaching himself a profession – how to do electrical work. He spoke of marriage, and built long lasting friendships. *Id.* He even renovated a house for his new family. *Id.*

The progress Mr. Brasfield had made was hindered when his relationship ended on less than hospitable terms. According to the friends and family that know Mr. Brasfield, this crushed him and likely led to some of the decisions that he has made subsequent to the break up. *See id. See also* Exhibit 1 (Andrew Smith Letter of Support). This break-up led Mr. Brasfield into a deep depression where he was also constantly fighting a legal battle to have a meaningful relationship with his son. Despite this new challenge, and how it threw him into a depression, Mr. Brasfield remains resolute in taking responsibility and continuing forward on a positive path. He does not seek to blame anyone but himself. Mr. Brasfield remains a caring person who is deeply concerned about the decisions that he has made and how they have affected the people around him. He accepts full responsibility for his actions and does not seek to blame his depression or his change in life circumstances for his offense. Instead of doing that, in his letter to the Court he wrote, "I chose to do this and I have no one but myself to blame." Exhibit 2 (Nathan Brasfield's Letter to the Court).

**III.     This Court should impose a total term of 60 months of imprisonment.**

For the newer case, Mr. Brasfield recommends a sentence of 60 months, to run concurrent to any sentence given on his supervised release case, with three years of supervised release to follow.

DEFENDANT'S AMENDED SENTENCING AND DISPOSITION DISPOSITION MEMORANDUM
(*Nathan Brasfield*; CR20-035RAJ; CR14-155RAJ) - 3

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

The defense agrees with the sentencing guideline calculation in the Presentence Report. The defense recommendation is slightly lower than the advisory range. The guidelines, of course, are now advisory and are only one of seven criteria set forth in 18 U.S.C.§3553(a) which a sentencing court is meant to consider. *United States v. Booker*, 542 U.S. 220 (2005).

Mr. Brasfield makes this recommendation in light of the fact that the Court has already sentenced Mr. Brasfield to forty-eight months on the older supervised release case. As Mr. Brasfield noted in his letter to the Court, "I chose to do this and I have no one but myself to blame." Exhibit 2 (Nathan Brasfield's Letter to the Court).

Sentencing in this case involves a difficult balancing. On the one hand, Mr. Brasfield acknowledges that his criminal history, although nonviolent, has been persistent; and this is his second firearms case before this Court. There can be no doubt that he knew what he was doing was illegal.

However, his behavior seems incongruent with the person described in the letters from his parents and friends. Exhibit 1 (Support Letters). Mr. Brasfield was, by all accounts, a hard worker and a fast learner. *Id*. His friends, family, and coworkers view him as a thoughtful, kind, and gentle man. *Id*. ("a thoughtful friend") ("an honest and decent guy") ("His character is clearly unquestionable.") ("helpful and generous with his time to me and my family") ("good hearted person and" "an asset to society") ("sweet and humble guy"). He enjoyed discussing his beliefs about veganism and, most of all, he wanted to have a close relationship with his son. *Id*. ("we have always admired what a great dad Nate is for his son") ("Nate is focused on how to participate in his son's life"). Most of the letters discuss, at length, Mr. Brasfield's efforts and expense to just spend time with his son. While the support letters address this issue at length, Mr. Brasfield does not dwell on it in his letter to the Court. He makes no effort to make himself the victim of circumstances, but instead takes full responsibility for the

DEFENDANT'S AMENDED SENTENCING AND
DISPOSITION DISPOSITION MEMORANDUM
(*Nathan Brasfield*; CR20-035RAJ; CR14-155RAJ)  - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

offense while also doing his best to understand how it came to be that he is being sentenced, again, for another firearm offense. Exhibit 2 (Nathan Brasfield's Letter to the Court).

As acknowledged in the PSR, Mr. Brasfield was initially doing well on supervised release; he had steady employment and he was attempting to nurture a relationship with his son. PSR § 37. However, he was getting progressively more depressed, and as his depression grew worse, he spent more time in dark corners of the internet where people were predicting the imminent collapse of civil society. This cycle fed on itself; the more time he spent on the internet, the more depressed he got and the more his judgment became clouded. *See* Exhibit 2 (Mr. Brasfield's Letter to the Court). Fearing a collapse of civil society, Mr. Brasfield acquired and manufactured firearms. *Id*. Importantly, he has no history of using firearms in a threatening manner. He was not trafficking firearms, nor was he planning to use them for some nefarious purpose. Indeed, after being charged in federal court, Mr. Brasfield, through counsel, provided the government with his passwords to his electronic devices so the government could confirm that he was not engaged in gun trafficking. Furthermore, he also informed the Government, through counsel, the location of firearm hidden in an air duct in the house that the agents did not find during their search of the house. His cooperation with the Government demonstrates his continued acceptance of responsibility.

It is important to Mr. Brasfield for the Court, and others, to understand what he is not. It is easy to jump to conclusions about a white male with strong opinions about the Second Amendment. However, he is not a member of a militia or some other right wing group. In fact, his original issue of activism was animal rights and veganism. He did not intend to use firearms against the government;[2] the collection was created in

---

[2] Mr. Brasfield is not part of the gun rights movement that anticipates using firearms against the government, such as U.S. Senator Rand Paul who has publicly stated that the purpose of the Second Amendment is "not to shoot deer. It's to shoot at the government . . . " Rand Paul, Twitter, 6/23/16.

DEFENDANT'S AMENDED SENTENCING AND
DISPOSITION DISPOSITION MEMORANDUM
(*Nathan Brasfield*; CR20-035RAJ; CR14-155RAJ) - 5

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

case there was not government. As he characterized it in his letter, he became a "doomsday prepper." Exhibit 2. He has never used violence against anyone, let alone wielded a firearm against any person or animal.

Mr. Brasfield agrees that this was a serious offense. The defense recommendation represents an escalation in punishment that imposes a significant term of imprisonment that reflects the nature and circumstance of the offense. Mr. Brasfield has not only "gotten the message," he has also been forced to confront the thinking errors that led him down this rabbit hole. He recognizes that he immersed himself in a culture where "guns have become a weird obsession." Exhibit 2.

The defense recommendation, 60 months of custody, is not significantly different than the 70-month recommendation from the Government and Probation Department. The additional period of custody recommended by the Government will do little to further the goals of deterrence or protecting the community. A 60-month term will keep Mr. Brasfield in custody for a significant period of time.

As reflected throughout the letters to the court, the mental health issues that Mr. Brasfield has faced have led to some of his criminal conduct. Even still, Mr. Brasfield does not seek to rely upon those challenges and circumstances are the crutch for his conduct. This time he blames himself. For that reason, too, the Court should consider a sentence of 60 months.

In its Recommendation, the Probation Department notes that Mr. Brasfield's conduct placed the supervising probation officer in danger during home visits. Mr. Brasfield wants to assure the Probation Department that he never intended to place the officer in danger. During his period of supervision, he had no ill-will toward the Probation Department and especially not toward his supervising officer.

Pursuant to the carefully negotiated plea agreement, the Government and the defense recommend concurrent sentences for the supervised release violation and the

DEFENDANT'S AMENDED SENTENCING AND
DISPOSITION DISPOSITION MEMORANDUM
(*Nathan Brasfield*; CR20-035RAJ; CR14-155RAJ) - 6

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

new offense. The Probation Department parts with the Government in its recommendation for consecutive sentences. This Court should not impose a consecutive term. The advisory range for the new offense already accounts for the fact that Mr. Brasfield was on supervised release by raising his Criminal History Category from III to IV. PSR § 38. The additional criminal history points raise the advisory range by more than a year.

### IV. Conclusion

For the reasons discussed above, Mr. Brasfield seeks a sentence of 60 months of imprisonment. Mr. Brasfield understands that he has been sentenced by this court before and makes his recommendation with that in mind A sentence of 60 months is sufficient but not more than necessary to give him an opportunity to do just that.

Mr. Brasfield requests a judicial recommendation for placement at FCI Englewood. He has a girlfriend who lives in Colorado and hopes to be placed near her for visitations.

DATED this 5th day of October, 2020.

Respectfully submitted,

s/ *Christopher M. Sanders*
s/ *Dennis Carroll*
Assistant Federal Public Defenders
Attorneys for Nathan Brasfield

DEFENDANT'S AMENDED SENTENCING AND DISPOSITION DISPOSITION MEMORANDUM
(*Nathan Brasfield*; CR20-035RAJ; CR14-155RAJ) - 7

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100